## PHELPS and others against BALDWIN :

### IN ERROR.

To sustain a complaint for a forcible detainer of land after a peaceable entry, the complainant must allege, that he was in the actual possession of the land, at the time of the defendant's entry.

Therefore, where the complainant alleged, that the defendant, on a certain day, peaceable entered upon the land, without the consent of the complainant, and him doth, unlawfully and with strong hand, deforce and keep out of possession of the premises; after a verdict for the complainant, it was held, 1. that it did not appear from the complaint, that the complainant was in possession of the land, at the time of the defendant's entry; 2. that this omission was a fatal defect, which was not cured by verdict.

THIS was a proceeding in forcible entry and detainer, before the judge of the county court and a justice of the peace, instituted by *Chauncey Baldwin* against *Edward A. Phelps, Josiah Phelps* and *Hastings Brown.*

The complaint was dated *March* 3rd, 1845, and contained two counts. The first alleged, that the defendants, on the 15th of *October*, 1844, with force and arms and with strong hand, unlawfully and forcibly, entered into and upon a certain parcel of land and the dwelling-house and barn thereon stand-

*Litchfield,*
June, 1845.

Phelps
*v.*
Baldwin.

ing, in *Harwinton*, [describing the premises,] and him, the complainant, with force and strong hand, expelled therefrom, and unlawfully put out of possession of the same. The other count alleged, that the defendants, on the day aforesaid, peaceably, and without the consent of the complainant, at *Harwinton* aforesaid, entered into and upon a certain other tract of land, [describing the premises,] and him the complainant, do unlawfully and unjustly, and with strong hand, deforce and keep out of the possession of the premises.

The defendants pleaded, severally, *Not guilty ;* on which there was a trial before the court and a jury summoned for the purpose. On the first count the jury found the defendants not guilty. On the second, they found the defendants guilty, and that the complainant have restitution of the premises demanded in that count, with his costs. The court accepted the verdict. The defendants thereupon moved in arrest of judgment, for the insufficiency of the complaint. The court overruled this motion, and rendered judgment, that the complainant have *restitution* of the premises, and recover his costs. The defendants thereupon brought a writ of error in the superior court, which was reserved for the advice of this court.

*Seymour* and *Woodruff,* for the plaintiffs in error, contended, 1. That the second count of the complaint was insufficient. The gist of a complaint for forcible detainer, is, that the complainant was the actual possessor, at the time of the entry of the defendant ; and that the entry of the defendant was without the consent of the actual possessor. Here, there is no averment in the second count, that the complainant was ever in possession of the premises. There is no special and direct averment to that effect; nor any general averment of it; nor any averment from which it can be implied. The peaceable entry of the defendants was in *October,* 1844 : and the unlawful acts complained of are averred as occurring at the date of the complaint, *viz.* in *March* 1845—" *do* deforce and keep out," &c. If this averment implies, that the complainant was ever in possession of the premises, it implies only, that he was in possession at the date of the complaint, or that he had, at some time or another, before that time, been in possession, without stating *when*, and especially without

*Litchfield,*
June, 1845.

Phelps
*v.*
Baldwin.

stating that such possession existed in *October* 1844, when the defendants entered. But the averment does not imply, that the complainant was ever in possession. A man may be, unlawfully and with strong hand, deforced, who never was in possession. Indeed, this is the appropriate averment for one who never was in possession. 3 *Bla. Com.* 172,3. *Jac. Law Dict. tit.* Deforcement. And to be kept out of possession, instead of implying, that the party kept out, was ever in, rather implies the contrary. Much less does this averment imply, that the complainant was in actual possession, when the defendants entered, or that he ever was in actual possession.

Where there is no general or particular averment of that which is the gist of the action, and the pleader seeks to derive the averment from *implication,* the implication must be *necessary*; *i. e.* the averment must be such, in the case supposed, *necessarily* to imply that which is the gist of the action. *Griffin* v. *Pratt,* 3 *Conn. R.* 513. 516. *Spieres* v. *Parker,* 1 *Term R.* 141. 1 *Chitt. Pl.* 404.

2. That the defect in question, being a total omission of the gist of the action, is not cured by verdict. See the authorities above referred to. Although it appears, that the defendants entered without the consent of the complainant, it does not appear that they entered without the consent of the actual possessor; nor that the defendants were not themselves then the actual possessors; nor that they had not been in actual possession at all times previous to the date of the complaint.

*Hall,* for the defendant in error, contended, 1. That the second count was sufficient. In the first place, the *possession* of the complainant is sufficiently alleged. It is *necessarily implied* in his being *deforced* and kept out of possession. *Jac. Law Dict. tit.* Deforcement. Secondly, it is sufficiently alleged, that the acts complained of were committed *with force.* Thirdly, the *detainer* also is sufficiently alleged.

2. That the defects, if any, are cured by verdict. The jury, by their verdict, must have found possession by the complainant, and a forcible entry and detainer by the defendants. These are the gist of the action. This being shown,

*Litchfield,*
June, 1845.

Phelps
*v.*
Baldwin.

any want of technical accuracy or appropriateness, will be cured by verdict. 3 *Bla. Com.* 394. 1 *Sw. Dig.* 776.

HINMAN, J. The complaint in this case is founded upon the statute directing proceedings against persons guilty of forcible entry or detainer of lands. The statute enacts, " that whenever any person shall make forcible entry into any houses, lands, or tenements, and, with strong hand, shall detain the same ; or having made a peaceable entry, without the consent of the *actual possessor*, shall hold and detain the same, with force and strong hand ; the party ejected or held out of possession, may exhibit his complaint," &c. *Stat.* 285. (ed. 1838.) The recovery was upon the 2d count ; which was for a forcible detainer of the land described in it. To bring the case within the provision that requires the entry to be made without the consent of the *actual* possessor, the complainant should have alleged, that he was in the actual possession of the land, at the time of the defendants' entry. But there is no such allegation in this complaint ; nor does it appear from it, that the complainant ever was in possession of the land in question. The allegation is, that the defendants, peaceably, and without the consent of the complainant, entered, and that they, unlawfully and unjustly, and with strong hand, do deforce and keep the complainant out of possession. Now, it is perfectly consistent with all this, that the complainant never was in possession of this land. It is said, indeed, that the word " deforce" implies that the plaintiff had been in possession ; but this word signifieth, says Lord *Coke*, to withhold lands or tenements from the rightful owner. *Co. Litt.* 331. *b.* But this proceeding is not founded at all upon title. The complainant may be the rightful owner of the land, and entitled to recover it, in an action of ejectment ; but he can have no right, upon this statute, unless he brings his case within its provisions. As he has not done this, the proceedings are erroneous.

It was said, the defect, if any, was cured by verdict. This is incorrect. It is not a defect of form merely, but of substance. It is not a good title or right defectively stated, but the omission to state any title at all. The very foundation of the complainant's right to recover upon this statute, his

actual possession of the land, is wholly omitted.    This can-
not be cured ; and the judgment, therefore, must be reversed.

Litchfield,
June, 1845.

Phelps
v.
Baldwin.

In this opinion the other Judges concurred, except STORRS,
J., who was absent.

Judgment reversed.